UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **CODY JOHNSON** Individually and on behalf of all others similarly situated | § § § § | Civil Action No. _____ |
| *Plaintiff,* | § § | **JURY TRIAL DEMANDED** |
| v. | § § | |
| **BODI SERVICES, LLC, BO HARDING, and JODI HARDING** | § § § | |
| *Defendants.* | § § § | **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Cody Johnson brings this action individually and on behalf of all current and former employees (hereinafter "Plaintiff and the Putative Class Members") who worked for Bodi Services, LLC, Bo Harding and/or Jodi Harding (collectively "Defendants") and were paid either a day rate or a salary but were not paid overtime during the past three years, to recover compensation, liquidated damages, attorneys' fees, and costs, pursuant to the provisions of Section 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

### I.
### OVERVIEW

1.1    This is a collective action to recover overtime wages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*

1.2    Plaintiff and the Putative Class Members are those persons who worked for Defendants within the last three years and were paid a day rate or a salary, but did not receive overtime for all hours worked over forty (40) in each workweek.

1.3    Plaintiff and the Putative Class Members routinely work (and worked) in excess of 40 hours per workweek.

1.4     Plaintiff and the Putative Class Members were not paid overtime for all hours worked in excess of forty (40) hours per workweek.

1.5     The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

1.6     Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime for all hours worked in excess of forty (40) hours per workweek.

1.7     Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA.[1] Specifically, Plaintiff and the Putative Class Members performed technical and manual labor type job duties associated with various oilfield assignments and jobs.

1.8     Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

1.9     Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

2.1     Plaintiff Cody Johnson ("Johnson") worked for Defendants within the meaning of the FLSA within this judicial district within the relevant three-year period. Plaintiff Johnson did not properly receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[1] All exemptions are to be narrowly construed and the burden of proof to establish them lies with the employer. *Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001).

[2] The written consent of Cody Johnson is attached hereto as Exhibit "A".

2.2     The Putative Class Members are those current and former employees who work (or have worked) for Defendants in the past three years and have been subjected to the same illegal pay system under which Plaintiff Johnson worked and was paid.

2.3     Defendant Bodi Services, LLC ("Bodi Services") is a Texas limited liability company doing business in the State of Texas. Bodi Services may be served through its registered agent for service: Jodi Harding, 150 Anderson Co. Rd 152, Palestine, Texas 75801.

2.4     Bo Harding ("B. Harding") is an employer as defined by 29 U.S.C. § 203(d) and, along with Bodi Services, employed or jointly employed Plaintiff and the Putative Class Members. At all relevant times, B. Harding maintained operational control (including both economic and decisional control) of significant aspects of Bodi Services' day-to-day functions. B. Harding may be served at 150 Anderson Co. Rd 152, Palestine, Texas 75801, or anywhere he may be found.

2.5     Jodi Harding ("J. Harding") is an employer as defined by 29 U.S.C. § 203(d) and, along with Bodi Services and B. Harding, employed and/or jointly employed Plaintiff and the Putative Class Members. At all relevant times, J. Harding maintained operational control (including both economic and decisional control) of significant aspects of Bodi Services' day-to-day functions. J. Harding may be served at 150 Anderson Co. Rd 152, Palestine, Texas 75801, or anywhere she may be found.

2.6     Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They dictate the practice goals and what pressing or tactical items need to be done in order to meet the goals of Bodi Services. Further, Defendants manage key internal relationships to Bodi Services; they direct the financials of Bodi Services; and they control the day rates and salaries of Plaintiff Johnson and the Putative Class Members who directly or indirectly report to these Defendants. Moreover, these Defendants have the power to hire and fire Plaintiff Johnson and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records. As a result, all

Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

3.1    This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. § 201 *et. seq.*

3.2    This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this district.

3.3    Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

3.4    Specifically, Defendants maintained a working presence throughout South Texas and Plaintiff Johnson worked for Defendants in South Texas, all of which are located in this District and this Division.

3.5    Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## FLSA COVERAGE

4.1    At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.2    At all times hereinafter mentioned, Defendants have been enterprises within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.3    At all times hereinafter mentioned, Defendants have been enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods

or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

4.4     Specifically, Plaintiff and the Putative Class Members performed manual labor in the oil and gas service industry, and utilized tools and equipment that have been moved in and/or produced for commerce.

4.4     During the respective periods of Plaintiff and the Putative Class Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce.

4.5     In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

4.6     Specifically, Plaintiff and the Putative Class Members are (or were) **_non-exempt_** employees who worked for Defendants and were engaged in oilfield services that were directly essential to the production of goods for Defendants and related oil and gas exploration and production companies. 29 U.S.C. § 203(j).

4.7     At all times hereinafter mentioned, Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

4.8     The proposed class of similarly situated employees, i.e. potential class members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as "all employees who worked for Bodi

Services, LLC, Bo Harding and/or Jodi Harding, at any time from June 19, 2014 to the present, and were not paid overtime for all hours worked over 40 each week."

4.9     The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**V.
FACTS**

5.1     Bodi Services is an oilfield service company operating in the State of Texas. Defendants Bo and Jodi Harding are the managing members of the company, and are directly involved on all day-to-day aspects of the business.

5.2     Defendants Bo and Jodi Harding are joint employers pursuant to 229 C.F.R. § 791.2.

5.3     Specifically, they dictate the practice goals and what pressing or tactical items need to be done in order to meet the goals of Bodi Services and/or their clients.

5.4     Further, Defendants Bo and Jodi Harding manage key internal relationships to Bodi Services—that is, they direct the financials of Bodi Services and they control the day rates and salaries of Plaintiff and the Putative Class Members who directly or indirectly report to these Defendants.

5.5     Moreover, these Defendants have the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

5.6     As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

5.7     Defendants provide their clients with oilfield safety materials, perform torque and test services, backhoe services, well maintenance, location clean-up, and other oil field services.[3]

5.8     Plaintiff Johnson worked for Defendants throughout South Texas and the surrounding Eagle Ford Shale area from approximately May of 2015 through March of 2016.

5.9     Plaintiff and the Putative Class Members' primary job duties included performing daily checklists, assisting with the preparation of equipment, and performing other oilfield related functions on various job sites throughout the State of Texas.

5.10    Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendants and/or their clients.

5.11    Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients.

5.12    Virtually every job function was pre-determined by Defendants, including the tools to use at a job site, the schedule of work, and related work duties.

5.13    Plaintiff and the Putative Class Members were actually prohibited from varying their job duties outside of these predetermined parameters.

5.14    Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

5.15    Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual labor in the oilfield on a daily basis.

---

[3] https://www.facebook.com/pg/Bodi-Services-LLC-160885834009962/about/?ref=page_internal.

5.16    Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

5.17    Plaintiff and the Putative Class Members did not have the authority to hire or fire other employees, and they were not responsible for making hiring or firing recommendations.

5.18    Plaintiff and the Putative Class Members did not supervise two or more employees.

5.19    Plaintiff and the Putative Class Members worked long hours. Specifically, Defendants regularly scheduled Plaintiff and the Putative Class Members for a minimum of twelve (12) to fourteen (14) hours per day and they regularly worked a minimum of 84 hours per week.

5.20    Even though Plaintiff and the Putative Class Members worked far in excess of 40 hours per week, Defendants did not pay them overtime for all hours worked in excess of 40 hours each week

5.21    Instead, Defendants initially paid their workers a day rate only and no overtime compensation.

5.22    In approximately December of 2015 or January of 2016, Defendants began paying Plaintiff and the Putative Class Members a salary. Specifically, Plaintiff Johnson received $1,200.00 every two weeks, but he did not receive any overtime compensation despite his (proper) classification as a **non-exempt** employee.

5.23    Because Defendants did not pay Plaintiff or the Putative Class Members any overtime pay, Defendants' pay policies and practices blatantly violated the FLSA.

# VI.
# CAUSES OF ACTION

**A.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT**

6.1    Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production

of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

6.2 Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation. 29 U.S.C. § 255(a).

6.3 Defendants knew or should have known their pay practices were in violation of the FLSA.

6.4 Defendants are sophisticated parties and employers, and therefore knew (or should have known) its policies were in violation of the FLSA.

6.5 Plaintiff and the Putative Class Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay according to the law.

6.6 The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

6.7 Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**B. COLLECTIVE ACTION ALLEGATIONS**

6.8 Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all those who are (or were) similarly situated to Plaintiff.

6.9 Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

6.10     The Potential Class Members are "all employees who worked for Bodi Services, LLC, Bo Harding and/or Jodi Harding, at any time from June 19, 2014 to the present, and were not paid overtime for all hours worked over 40 each week."

6.11     Defendants' failure to pay wages for all hours worked and overtime compensation at the rates required by the FLSA results from generally applicable policies and practices, and does not depend on the personal circumstances of the Putative Class Members.

6.12     Thus, Plaintiff's experiences are typical of the experiences of the Putative Class Members.

6.13     The specific job titles or precise job requirements of the various Putative Class Members does not prevent collective treatment.

6.14     All of the Putative Class Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

6.15     Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the Putative Class Members are blue-collar oilfield workers entitled to overtime after 40 hours in a week.

6.16     Defendants employed a substantial number of workers in the Texas during the past three years. These workers are geographically dispersed, residing and working in cities across the state. Because these workers do not have fixed work locations, they may work in different states across the country in the course of a given year.

6.17     Absent a collective action, many members of the proposed FLSA class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

6.18     Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

6.19     Accordingly, the class of similarly situated plaintiffs should be defined as:

**ALL EMPLOYEES WHO WORKED FOR BODI SERVICES, LLC, BO HARDING AND/OR JODI HARDING, AT ANY TIME FROM JUNE 19, 2014 TO THE PRESENT, AND WERE NOT PAID OVERTIME FOR ALL HOURS WORKED OVER 40 EACH WEEK."**

## VII.
## RELIEF SOUGHT

7.1     Plaintiff respectfully prays for judgment against Defendants as follows:

a.     For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

b.     For an Order approving the form and content of a notice to be sent to all potential collective action members advising them of the pendency of this litigation and of their rights with respect thereto;

c.     For an Order awarding Plaintiff (and those who have joined in the suit) back wages that have been improperly withheld;

d.     For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

e.     For an Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

f. For an Order awarding Plaintiff (and those who have joined in the suit) attorneys' fees;

g. For an Order awarding Plaintiff (and those who have joined in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

h. For an Order compelling the accounting of the books and records of Defendants; and

i. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**ANDERSON2X, PLLC**

By: /s/ *Clif Alexander*
**Clif Alexander**
Federal I.D. No. 1138436
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin W. Anderson**
Federal I.D. No. 777114
Texas Bar No. 24045189
austin@a2xlaw.com
**Lauren E. Braddy**
Federal I.D. No. 1122168
Texas Bar No. 24071993
lauren@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

**ATTORNEYS IN CHARGE FOR PLAINTIFF AND PUTATIVE CLASS MEMBERS**