CONFIDENTIAL

## CONFIDENTIAL SETTLEMENT AND RELEASE AGREEMENT

This settlement agreement is voluntarily made and entered into this _07_ day of December, 2017 by and between Plaintiff Cody Johnson and Defendants Bodi Services, LLC, Bo Harding and Jodi Harding in *Cody Johnson, Individually and on behalf of all others similarly situated, v. Bodi Services, LLC, Bo Harding and Jodi Harding,* Civil Action No. 5:17-cv-00123, pending in the United States District Court for the Southern District of Texas, Laredo Division (hereinafter referred to as the "Lawsuit"). Plaintiff and Defendants (hereinafter referred to collectively as the "Parties"), by and through their undersigned counsel, hereby agree as follows:

1.    Bona fide disputes and controversies exist between the Parties, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies, the Plaintiff, on the one hand, and Defendants, on the other hand, desire to compromise and settle fully and finally release, by the execution of this Confidential Settlement and Release Agreement (hereinafter referred to as the "Settlement Agreement"), all claims and causes of action for unpaid back wages and/or overtime, liquidated damages, employment benefits, or other compensation for any violation which could be alleged under the Fair Labor Standards Act ("FLSA"), including retaliation, and all attorney's fees, court costs and expenses incurred in and associated with this Lawsuit as of the date this Settlement Agreement is executed (hereinafter referred to as the "Claims").

2.    Plaintiff, for himself and for his assigns, agents, representatives, spouse, heirs, executors and administrators (hereinafter referred to collectively as "Plaintiff"), covenants not to sue, and fully remises, releases and forever discharges Defendants, and all and each of their predecessor and successor firms, parents, subsidiaries, affiliates, and all and each of their present and former officers, directors, principals, owners, members, partners, shareholders, employees, insurers, plan administrators, employee welfare benefit plans, pension, or

1

CONFIDENTIAL

deferred compensation plans, and their trustees, administrators, and other fiduciaries, attorneys and agents, and all of their respective assigns, agents, representatives, spouses, heirs, executors and administrators, of and from any and all actions, causes of action, liabilities, suits, cross-claims, counterclaims, debts, damages, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, damages, judgments, costs, attorneys' fees, loss of wages, loss of employment benefits, compensatory or non-pecuniary damages, or any other relief permitted to be recovered on account of, related to or in any way growing out of any putative violations of any federal, state, or local law pertaining to hours of work, payment of wages or overtime pay, civil money penalties, duty to withhold, classification of employees as exempt from overtime pay, breach of fiduciary duty, recordkeeping, benefits offered, or pay practices of any kind, and retaliation, and including without limitation all claims for alleged violations of the Fair Labor Standards, Act 29 U.S.C. § 201 et. Seq., and Texas common law or statute, or any other claim for relief which was or could have been asserted by Plaintiff, claims and demands whatsoever, based on federal, state or local statute, common law, or any other source, whether known or unknown, asserted or not asserted, suspected or unsuspected, which relate in any way to Plaintiff's claims under the FLSA or any and all claims and allegations raised or capable of being raised by Plaintiff in the pleadings and other materials on file in the Lawsuit.

3.      This Settlement Agreement does not constitute an admission by either party of any violation of any law or statute, and the Parties agree that neither this Settlement Agreement nor the furnishing of consideration will be deemed or construed for any purpose as an admission of liability or wrongful conduct of any kind by either party.

4.      In consideration for Plaintiff's agreement to finally and fully resolve, settle, release and discharge all Claims under the FLSA, and any other agreements made by Plaintiff herein,

CONFIDENTIAL

Defendants agree to pay the sum total of Five Thousand Dollars and No/100 Cents ($5,000.00) (hereinafter referred to as the "Settlement Fund") to be distributed by the following agreed upon procedure:

    a.      No later than fourteen (14) days after the Settlement Agreement is approved by the Court, Defendants shall mail to Plaintiff's counsel a check made payable to Plaintiff in the amount of $3,000.00;

    b.      The Parties agree that 100% of Plaintiff's settlement award shall be treated as interest and/or liquidated damages and consideration for the confidentiality provisions of this Settlement Agreement.

    c.      Defendants shall issue an IRS Form 1099 to Plaintiff for his settlement amount. The settlement amount shall be characterized as non-wage income, and Plaintiff will be responsible for any applicable taxes on this amount.

    d.      No later than fourteen (14) days after the Settlement Agreement is approved by the Court, Defendants shall mail to Plaintiff's counsel a check made payable to Anderson2X, PLLC in the amount of $2,000.00, which represents all attorneys' fees, costs and expenses incurred by Plaintiff from the Lawsuit.

    e.      Plaintiff agrees to withdraw and dismiss with prejudice the Lawsuit and execute and file any and all documents necessary to accomplish such withdrawal and dismissal within a reasonable period of time following the complete execution of this Settlement Agreement, including the Joint Motion to File Settlement Agreement Under Seal and Joint Motion for Confidential Approval of Settlement Agreement and Dismissal with Prejudice.

5.      Defendants agree to pay Plaintiff's counsel as full and complete compensation for attorneys' fees, costs, and expenses the sum total of $2,000.00, which will be paid from the

CONFIDENTIAL

Settlement Fund, as referenced in 4(d) above. The Parties agree that such sum is full and complete satisfaction of any and all fees, costs, and expenses for which Plaintiff and his counsel may be entitled in connection with the Lawsuit, including any fees incurred in the execution of the Settlement Agreement and processing of the payments to be made hereunder after the date of this Settlement Agreement. The amount set forth in this paragraph will be the exclusive payment of fees, court costs, and expenses required of and made by Defendants to Plaintiff.

6.    Plaintiff agrees that Defendants have not made any representations regarding the taxability of any payments made pursuant to this Settlement Agreement. Plaintiff agrees and warrants that he has been and remains solely responsible for the timely payment of all taxes owed by him, if any, which have been due or which may become due to any governmental authority from receipt of any funds received from Defendants pursuant to this Settlement Agreement. Plaintiff hereby agrees to indemnify, pay the costs of defense, and hold Defendants harmless from and against any and all claims, demands, obligations, and liabilities for such taxes, if any, for taxes owed by Plaintiff, including, but not limited to, taxes, levies, assessments, fines, interest, attorneys' fees and costs owed by Plaintiff, if any. However, Plaintiff is not responsible for any federal, state, or local tax liability of Defendants and Defendants will indemnify and hold Plaintiff harmless from, and will reimburse Plaintiff for, any and all liability of whatever kind incurred by Plaintiff as a result of any tax obligations of Defendants, including, but not limited to, taxes, levies, assessments, fines, interest, attorneys' fees and costs owed by Defendants, if any.

7.    Plaintiff agrees to file this Settlement Agreement with the Court under seal and to keep the terms and contents of this Settlement Agreement confidential to the fullest extent permitted by law, and not to disclose the terms of this settlement to any third parties, except his spouse, and his respective tax and legal advisor(s), if any, who are also to be bound by the confidentiality provisions of this Settlement Agreement. Plaintiff further agrees that he will not

CONFIDENTIAL

make any public comment regarding the terms of this settlement. The Parties agree to take all reasonable steps to preserve the confidentiality of this Settlement Agreement, including, but not limited to, requesting that Court files regarding the settlement be sealed or that the Court conduct a fairness and approval hearing without requiring the Parties to submit this Settlement Agreement on the public record. Notwithstanding the foregoing, the Parties agree that the fact that the Parties have reached a settlement of the Lawsuit is not confidential, and that Plaintiff may respond to inquiries by only stating that the Parties in the Lawsuit have reached a mutually-agreeable resolution of the litigation. Plaintiff's counsel agree that they may not use the fact that the Parties have reached a settlement of the Lawsuit in any advertising, marketing, soliciting, or other mass distribution efforts on or in Plaintiff's counsel's Internet site, marketing and advertising materials, or through any other public media. The Parties agree that in the event of a breach of Paragraph 7 of this Agreement, damages would be difficult to ascertain. Plaintiff further agrees that in the event that a court of competent jurisdiction finds that Plaintiff breached Paragraph 7 of this Agreement, Plaintiff will pay to Defendant Three Thousand Dollars and Zero Cents ($3,000.00) for such breach of Paragraph 7. However, this Paragraph 7 does not prohibit Defendants from seeking additional damages, costs, fees, or equitable relief from Plaintiff or any court costs related to or arising from any such breach of this Paragraph 7.

8.     Plaintiff represents and warrants that: (a) no person other than Plaintiff in this Lawsuit has or has had any claim to any interest in the Claims or other matters referred to and/or released in this Settlement Agreement or to any of the sums to be paid hereunder, save and except Plaintiff's counsel; (b) Plaintiff has the sole right and exclusive authority to execute this Settlement Agreement and accept the sums to be paid pursuant to this Settlement Agreement; (c) Plaintiff has not sold, assigned, transferred, conveyed, or otherwise disposed of any claim or demand covered by this Settlement Agreement; and (d) Plaintiff has not assigned, transferred, conveyed, or otherwise

CONFIDENTIAL

encumbered the sums to be paid pursuant to this Settlement Agreement. In the event that any claim is made against Defendant by Plaintiff or any third party based on any claim released herein, or against or for any of the proceeds to be paid hereunder, based in whole or in part on any alleged sale, conveyance, transfer, assignment, lien, or other encumbrance made by Plaintiff, then Plaintiff shall indemnify, pay the costs of defense, and hold Defendant harmless from any such claim.

9.      The Parties agree that should a Party to this Settlement Agreement sue another Party to this Settlement Agreement for a breach of any provision of this Settlement Agreement, the prevailing Party shall be entitled to recover its attorneys' fees and costs of court from the other Party.  The Parties hereby agree that each Party shall have the right to sue for specific performance of this Settlement Agreement, and declaratory and injunctive relief.

10.      One or more waivers of a breach of any covenant, term, or provision of this Settlement Agreement by any Party shall not be construed as a waiver of a subsequent breach of the same covenant, term or provision, nor shall it be considered a waiver of any other then existing, preceding, or subsequent breach of a different covenant, term, or provision.

11.      If any provision of this Settlement Agreement is held to be illegal, invalid, or unenforceable, or is found to be against public policy for any reason, such provision shall be fully severable; and, this Settlement Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable provision had never been part of this Settlement Agreement, and the remaining provisions of this Settlement Agreement shall remain in full force and effect and shall not be affected by the illegal, invalid, or unenforceable provision, or by its severance from this Settlement Agreement.  Furthermore, in lieu of each such illegal, invalid, or unenforceable provision, there shall be added automatically another provision as similar to the illegal, invalid, or unenforceable provision as may be possible and be legal, valid, and enforceable.

CONFIDENTIAL

12.     This Settlement Agreement is performable in the State of Texas and shall be governed and construed according to the laws of the State of Texas, except where preempted by federal law.

13.     Plaintiff specifically acknowledges that he has read and understands this written Settlement Agreement; that Plaintiff is fully competent and authorized to execute this Settlement Agreement and fulfill all of the terms and conditions hereof; that Plaintiff has been advised to consult with an attorney prior to executing this Settlement Agreement and has done so; that Plaintiff is executing this Settlement Agreement voluntarily, without coercion, duress, or undue influence; that Plaintiff is receiving valuable consideration in exchange for his release and waiver of the Claims, and any claim or demand covered by this Settlement Agreement that is in addition to anything of value to which Plaintiff is already entitled; that Plaintiff has not relied upon any representation by Defendants or Defendants' counsel in entering into this Settlement Agreement; and that Plaintiff was given a reasonable amount of time to execute this Settlement Agreement. Plaintiff further expressly represents and covenants that this Settlement Agreement is the result of an arm's length negotiation in which Plaintiff was represented by legal counsel of his own choice. Plaintiff and Defendants have participated in the preparation of the final draft of this Settlement Agreement.

14.     PLAINTIFF SPECIFICIALLY WARRANTS AND REPRESENTS THAT HE DID NOT RELY AND HAS NOT RELIED UPON ANY REPRESENTATIONS OR STATEMENTS MADE BY DEFENDANTS OR ANY RELEASED PARTIES OR THEIR COUNSEL WITH REGARD TO (1) THE SUBJECT MATTER OR EFFECT OF THIS AGREEMENT, AND/OR (2) ANY OTHER FACTS OR ISSUES WHICH MIGHT BE DEEMED MATERIAL TO HIS DECISION TO ENTER INTO THIS AGREEMENT, OTHER THAN AS SPECIFICALLY STATED IN THIS AGREEMENT.

CONFIDENTIAL

15.    PLAINTIFF SPECIFICALLY WARRANTS AND REPRESENTS THAT HE IS NOT RELYING UPON A LEGAL DUTY, IF ONE EXISTS, ON THE PART OF THE DEFENDANTS OR ANY OF THE RELEASED PARTIES OR THEIR COUNSEL TO DISCLOSE ANY INFORMATION IN CONNECTION WITH THE EXECUTION OF THIS AGREEMENT OR ITS PREPARATION; IT BEING EXPRESSLY AGREED AND UNDERSTOOD THAT PLAINTIFF SHALL NOT ASSERT AND HEREBY WAIVES THE RIGHT TO ASSERT ANY FAILURE TO DISCLOSE INFORMATION BY THE RELEASED PARTIES, AS A GROUND FOR CHALLENGING THIS AGREEMENT.

**AGREED TO BY PLAINTIFF**

Dated: Dec 12, 2017

Cody Johnson (Dec 12, 2017)

Cody Johnson, Individually

**AGREED TO BY DEFENDANTS**

Dated: 12-07-2017

Bodi Services, LLC

Dated: 12-07-2017

Bo Harding, Individually

Dated: 12-07-2017

Jodi Harding, Individually

8

CONFIDENTIAL