United States District Court
Southern District of Texas
**ENTERED**
May 08, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CODY  JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 5:17-CV-00123 |
| | § | |
| BODI SERVICES, LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

Currently pending before the Court is Plaintiff's Unopposed Motion to Approve Award of Attorneys' Fees and Expenses.  (Dkt. No. 13).  On April 13, 2018, the District Court referred the motion under 28 U.S.C. § 636 to the undersigned for findings of fact, conclusions of law, and a recommended disposition.  (Dkt. No. 15).  This Court ordered Plaintiff to file, under seal, additional information regarding the hourly fees charged and the number of hours counsel worked on this matter, so that the Court could evaluate the proposed attorneys' fees award.  (Dkt. No. 16).  Plaintiff has done so.  (Dkt. No. 18).  Having considered the filings, arguments, and applicable law, the undersigned **recommends** that the settlement agreement between Plaintiff and Defendants be **APPROVED**, and further **recommends** that attorney's fees be **AWARDED** to Plaintiffs' counsel in the amount of $2,000.00, as reflected in the settlement agreement.

I. Background

Plaintiff Cody Johnson brought this action under 29 U.S.C. § 216(b) on behalf of himself and all others similarly situated[1] against defendant Bodi Services, LLC, and against individual defendants Bo Harding and Jodi Harding.  (Dkt. No. 1).  Mr. Johnson claimed Defendants failed

---

[1] Although Plaintiff styled this case as a collective action, no collective was ever sought or approved before the case settled.  As such, this settlement has effect only as to Mr. Johnson.

to pay him overtime for "manual labor in the oil and gas service industry," in violation of Section 7 of the Fair Labor Standards Act of 1938 (FLSA).[2]  *Id.* at 5.  Defendants have neither appeared nor filed an answer; however, Plaintiff notified the Court that the matter resolved and the parties have settled.  (Dkt. Nos. 11-12).

## II. Analysis

### A. Settlement Approval

As relevant here, the FLSA provides that any employer who violates the overtime-pay provision shall be liable for the unpaid overtime plus liquidated damages.  29 U.S.C. § 216(b) (2016).[3]  "An action to recover [said] liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees[.]"  *Id.*

The FLSA's overtime guarantee cannot be waived.  *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).  "No one can doubt but that to allow waiver of statutory wages by agreement would nullify the purposes of the Act."  *Id.*  Accordingly, "FLSA claims (for unpaid overtime, in this case) cannot be waived."  *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) (parenthetical in original) (citing *Brooklyn Savings*, 324 U.S. at 706-08).  To ensure settlements do not improperly waive the FLSA's guarantees, the law requires supervision of these cases by either the Department of Labor or the Court.  Section 16(c) of the Act allows the

---

[2] "Except as otherwise provided in this section, no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment . . . at a rate not less than one and one-half times the regular rate at which he is employed."  Fair Labor Standards Act of 1938 § 7, 29 U.S.C. § 207 (2016).

[3] On March 23, 2018, an omnibus appropriations bill amended certain sections of the Fair Labor Standards Act; the amendments do not affect this litigation.  *See* Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, sec. 1201, §§ 203, 216, 132 Stat. 348, 1148-49 (amendments to be codified at 29 U.S.C. §§ 203, 216); *see also* 29 U.S.C.A. §§ 203, 216 (West 2018) (still reflecting pre-amendment text as of May 8, 2018).

Secretary of Labor to bring an action against the employer, and to supervise the payment of back wages owed to employees.  29 U.S.C. § 216(c) (2016).  In the absence of such action by the Department of Labor—such as when the employee initiates the action personally—"there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees, in a suit brought by the employees under the FLSA, is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Bodle*, 788 F.3d at 164 (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982) (emphasis removed).  The Court, accordingly, may approve the settlement if it "reflects a reasonable compromise over issues."  *Villeda v. Landry's Restaurants, Inc.*, 2009 WL 3233405, at *1 (S.D. Tex. October 7, 2009).

Courts review settlements in FLSA cases to determine whether "the settlement involves the resolution of a *bona fide* dispute over an FLSA provision and [whether] the settlement is fair and reasonable."  *Rivas, et al., v. Beacoup Crawfish of Eunice, Inc., et al.*, 2014 U.S. Dist. LEXIS 153370, at *6-7 (W.D. La. October 10, 2014) (citing *Lynn's Food Stores*, 679 F.2d at 1352-55).  Here, the proposed settlement is fair and reasonable.  *See Villegas v. Regions Bank*, 2013 U.S. Dist. LEXIS 1690, at *5 (S.D. Tex. Jan. 4, 2013) (Rosenthal, J.).

B.  Attorneys' Fees

Next, the Court evaluates Plaintiff's request for attorneys' fees.  "The court in [FLSA cases] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b); *see Villegas*, 2013 U.S. Dist. LEXIS 1690, at *5.  Plaintiff, as the prevailing party, is entitled to reasonable attorneys' fees, and the Court "must carefully review a proposed fee award to ensure

reasonableness." *In re Heartland Payment Systems, Inc. Customer Data Sec. Breach Litigation*, 851 F.Supp.2d 1040, 1069 (S.D. Tex. March 20, 2012). The fee award need not be proportional to the plaintiff's recovery, and a proposed award will not be denied solely for exceeding it. *See, e.g., Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir. 1990) (affirming award of $7,680 in overtime compensation and $40,000 in attorneys' fees), *cited and reaffirmed by Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. App'x. 341, 342 (5th Cir. 2007) (unpublished) (per curiam).

Courts in the Fifth Circuit use the lodestar method for determining the reasonableness of an attorneys' fee award in FLSA cases. *See, e.g., Saizan, et al., v. Delta Concrete Products Co., Inc., et al.*, 448 F.3d 795, 799 (5th Cir. 2006). The lodestar is calculated by multiplying the number of hours the attorney reasonably expended on the case by the appropriate hourly rate in the community. *Id*. Plaintiff bears the burden of demonstrating the number of hours worked, the hourly rate, and that both of those numbers are reasonable when viewed in the light of the attorney's experience, qualifications, and skill. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

Plaintiff's counsel report that Mr. Alexander spent six hours on this case; Ms. Braddy, three; and their paralegal, one, for a total of ten hours. (Dkt. No. 18 at 5). Given the relative simplicity of this action, the absence of any contested motions or discovery disputes, and the relative ease with which the parties settled this dispute, ten hours is a reasonable amount of time to have expended.

Counsel also report that Mr. Alexander's hourly rate is $450, Ms. Braddy's is $350, and their rate for paralegal time is $125. *Id*. They additionally report $655 in recoverable expenses. *Id*. at 7. Generally, the reasonable hourly rate for a particular community is established through the requesting attorney's affidavit and the affidavits of other attorneys practicing in the same

locale, *see Blum v. Stenson*, 465 U.S. 886, 896 (1984), but the attorney's own declaration may be enough if supported by evidence sufficient to determine the prevailing market rate, *see MGM Resorts Mississippi, Inc. v. ThyssenKrupp Elevator Corp.*, 2015 WL 5178122, at *5 (N.D. Miss. Sept. 4, 2015); *see also B-M-G Inv. Co. v. Cont'l / Moss Gordin, Inc.*, 437 F.2d 892, 893 (5th Cir. 1971). Plaintiff's counsel cite three recent district court decisions upholding their rates as reasonable. *See Rater v. Rix Energy Services*, No. 2:16-cv-705 (S.D. Ohio Nov. 28, 2017); *Lyles v. Falcon Flowback Servs.*, No. 5:15-cv-1198-R (W.D. Okla. Feb. 7, 2018); *Rosas v. Dark Star Production Testing, Inc.*, No. 2:16-cv-140 (S.D. Tex. Apr. 11, 2018).[4]

They also cite hourly fee data published by the State Bar of Texas. According to this publication, among all private practitioners in Texas in 2015 who responded to the survey, the mean hourly rate was $288, the 75th percentile was $350, the median (50th percentile) was $260, and the 25th percentile was $200. State Bar of Tex. Dep't of Research & Analysis, 2015 Hourly Fact Sheet iii (Aug. 2016). In other words, the 75th percentile rate was approximately 34.62% higher than the median rate.[5] Notably, percentile information is not given for smaller breakdowns, such as practice area, geographic region, or years of experience[6]; only median information is given. In conformance with the pattern observed above, the Court will assume for simplicity that the 75th percentile rate is 34.62% higher than the median rate across all areas.

The median hourly rate for attorneys who selected "Labor-Employment" as their practice area was $258 in the San Antonio / New Braunfels area and $225 in the South Texas area

---

[4] The Court takes notice that these cases all came from cities larger than Laredo. *Rater* arose in Columbus, Ohio; *Lyles* in Oklahoma City, Oklahoma; and *Rosas* in Corpus Christi, Texas.

[5] ($350 - $260) / $260 ≈ 0.3462.

[6] The record does not reflect how many years Mr. Alexander has been practicing, and states only that Ms. Braddy joined Mr. Alexander's firm in 2015. (Dkt. No. 18 at 4-5). Because the median rate for experienced attorneys does not climb above the aggregate median rate until approximately 16 years of experience, *see* 2015 Hourly Fact Sheet at 3, the Court will not consider experience in making the forthcoming calculations.

generally; there were not enough responses to generate an estimated median for labor practitioners in "non-metro" areas.  *Id*. at 10.  Statewide, the median rate charged by labor and employment lawyers was $278.  *Id*. at 7.  Taking a guess using the adjustment factor of 34.62%, the Court will assume that the 75th percentile rates for these areas are $347.32, $302.90, and $374.24, respectively.[7]

Plaintiff's lawyers claim that Mr. Alexander's rate is in the 85th percentile of lawyers practicing employment law, and that Ms. Braddy's is in the 65th.  (Dkt. No. 18 at 6).  It is unclear how they did their math to arrive at these numbers, and the Court finds it impossible to verify them; as noted above, the 2015 Hourly Fact Sheet does not provide percentile information by practice area, and the Court cannot go grasping for estimates of what the 85th and 65th percentile figures might be.

Because Laredo is distinct from San Antonio and within South Texas, the Court will assume, without deciding, that the South Texas estimates are salient here.  The Court's best guess is that the 75th-percentile hourly rate for labor and employment practitioners in South Texas is $302.90; because Mr. Alexander claims his rate is at the 85th percentile and Ms. Braddy claims hers is at the 65th, it is reasonable to split the difference in this case, and use **$302.90** as the aggregate estimate for both lawyers.[8]  The paralegal fee, absent reliable information in the record relating to prevailing market conditions, will remain unchanged.

---

[7] $258 × 1.3462 = $347.32;  $225 × 1.3462 = $302.90;  and $278 × 1.3462 = $374.24.

[8] Of course, Mr. Alexander claims to have worked twice as many hours as Ms. Braddy on this litigation, so using the 75th-percentile estimate for both lawyers will undoubtedly lowball the lodestar estimate.  Unfortunately, the Court sees no method for making the calculation more accurate, and cannot engage in wholesale guesswork.

Taking into consideration all of the above, the Court finds that the lodestar amount in this litigation is at least **$2,851.10**.[9]  Plaintiff has requested only **$2,000.00**, in order to "facilitate a resolution of this matter."  Dkt. No. 18 at 7.  This is a reasonable request, and should be approved.

The lodestar, once calculated, may be adjusted upward or downward if exceptional circumstances make such an adjustment necessary.  *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  When making this adjustment, courts ordinarily consider the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  Here, however, because Plaintiff has requested an amount well below the applicable lodestar, the Court need not address the *Johnson* factors.

### III. Conclusion

Because this settlement represents a compromise over *bona fide* disputes and is otherwise fair and reasonable, the undersigned **RECOMMENDS** that the proposed confidential settlement agreement be **APPROVED**.  The undersigned further **RECOMMENDS** that Plaintiff's counsel be **awarded $2,000.00 in attorneys' fees and costs** from the corpus of the settlement.

### <u>NOTICE OF RIGHT TO OBJECT</u>

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc)).

---

[9] $(9 \times \$302.90) + (1 \times \$125) = \$2726.10 + \$125 = \$2,851.10$.  The Court stresses that this is a minimum estimate of the lodestar.  *See supra* note 8.

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after being served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations and, except upon grounds of plain error, shall bar the party from appellate review of proposed factual findings and legal conclusions accepted by the District Court to which no objections were filed.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).

Because Defendants have not yet appeared in this action, Plaintiff is **ORDERED** to provide Defendants with a copy of this Report and Recommendation, and to file either proof of delivery, or an affidavit under oath swearing that service of this Report and Recommendation has been perfected upon Defendants and / or their counsel.

Finally, any party with no objection to this Report and Recommendation is encouraged to file a Notice of Non-Objection promptly in order to allow the District Court to expedite its consideration of these findings.

SIGNED this 8th day of May, 2018.

DIANA SONG QUIROGA
United States Magistrate Judge