**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| CODY JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-123 |
| | § | |
| BODI SERVICES, LLC, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM & ORDER**

In this Fair Labor Standards Act (FLSA) case, Plaintiff sued Defendants for allegedly failing to pay him overtime wages when he worked more than 40 hours in a given workweek. (Dkt. 1 at 8–9.) The parties eventually settled, and in December 2017, Plaintiff filed an unopposed motion to approve the settlement agreement and to dismiss this case with prejudice. (Dkt. 13.) He also filed a separate unopposed motion to seal the settlement agreement itself. (Dkt. 11.) The Court later referred the motion to approve the settlement to the Magistrate Judge for findings of fact, conclusions of law, and a recommended disposition. (Dkt. 14.)

There are now two items pending before the Court. The first item is the Magistrate Judge's Report and Recommendation (Dkt. 19) recommending that the Court approve the parties' settlement agreement, which includes a $2,000 attorneys' fee award for Plaintiff's counsel. The second item is Plaintiff's motion to seal. (Dkt. 11.) Each will be addressed in turn.

**Discussion**

**A.      Report and Recommendation**

The parties were duly noticed of their right to object to the Magistrate Judge's Report and Recommendation. Defendants accordingly filed a notice of non-objection. (Dkt. 20.) But the Court received no similar notice from Plaintiff. In any event, the applicable 14-day time frame

for the filing of objections has lapsed, and no objections have been filed. Having now reviewed the matter as provided by 28 U.S.C. § 636, the Court concludes that the Report and Recommendation should be and is hereby ACCEPTED. Thus, Plaintiff's unopposed motion to approve the parties' settlement agreement is hereby GRANTED, and the parties' settlement agreement is hereby APPROVED.

## B.     Motion to Seal

There is a "strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public review." *Parrish v. Def. Sec. Co.*, 2013 WL 372940, at *1 (N.D. Tex. Jan. 31, 2013). "Sealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Id.* Thus, absent an "extraordinary" reason, settlement agreements in FLSA cases should remain unsealed. *Id.*; *Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008).

Plaintiff provides four reasons why he believes that sealing the settlement agreement in this case is appropriate. But none of Plaintiff's reasons are "extraordinary," and they do little to distinguish the settlement in this case from any other FLSA settlement.

First, Plaintiff states that the agreement should be sealed because it contains a confidentiality provision, and if the agreement were made public, Defendants would be deprived of "a benefit which was the basis for the settlement bargain." (Dkt. 11 at 1–2.) However, "[t]he fact that the settlement agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that an approved FLSA settlement agreement is a judicial record, open to the public." *Prater*, 2008 WL 5140045, at *10; *see also Bouzzi v. F & J Pine Rest., LLC*, 841 F. Supp. 2d 635, 640 (E.D.N.Y. 2012) (internal quotation marks omitted) ("[C]ourts in the

[Second] [C]ircuit, having encountered the oft repeated argument that confidentiality is a material term of settlement as a justification for sealing an FLSA agreement, have roundly rejected it."). Thus, this first argument fails.

Second, Plaintiff contends that if the settlement agreement becomes available for public review, there is an "increased likelihood that Defendants would be exposed to further litigation." (Dkt. 11 at 1.) The Court recognizes that "[i]t is not at all uncommon for an employer to worry that compromise with an employee who has vindicated a valuable FLSA right will inform and encourage other employees, who will [also seek to] vindicate their FLSA rights." *Hens v. Clientlogic Operating Corp.*, 2010 WL 4340919, at *4 (W.D.N.Y. Nov. 2, 2010) (internal quotation marks omitted). But such vindication is "precisely the object Congress chose to preserve and foster through the FLSA." *Id.* Thus, this argument fails as well.

Third, Plaintiff states that sealing the settlement agreement in this case "will keep his personal financial information from being publicized." (Dkt. 11 at 2.) But Plaintiff fails to specify what "personal financial information" he wishes to keep private. In fact, the only financial information contained in the settlement agreement is the settlement amount itself. And a preference not to disclose to the public the settlement amount—a feature of every monetary settlement—is hardly an extraordinary reason to justify sealing the settlement agreement here. Plaintiff does not explain why he is any more entitled to keep the settlement amount private than any other plaintiff in any other FLSA case. Thus, Plaintiff's third argument fails.

Finally, Plaintiff argues that there is a public interest in confidentiality because keeping settlement agreements private "encourages and facilitates [future] settlement negotiations." (*Id.*) But this reason is also unextraordinary; it weighs against disclosing settlement agreements in every FLSA case. In any event, the Court concludes that the public's interest in the disclosure of

settlement agreements in FLSA cases outweighs any possible chilling effect on future settlements. Indeed, district courts across the country routinely come to this same conclusion. *E.g.*, *Thompson v. Shannon Rollings Real Estate, LLC*, 2012 WL 12929617, at *1 (S.D. Ga. Oct. 11, 2012); *Tabor v. Fox*, 2010 WL 2509907, at *2 (E.D.N.C. June 17, 2010); *Boone v. City of Suffolk, Va.*, 79 F. Supp. 2d 603, 609 (E.D. Va. 1999). Thus, Plaintiff's final argument fails.

### Conclusion

For the foregoing reasons, the Magistrate Judge's Report and Recommendation (Dkt. 19) is hereby ACCEPTED, Plaintiff's unopposed motion to approve the settlement agreement (Dkt. 13) is hereby GRANTED, the settlement agreement is hereby APPROVED, and this case is hereby DISMISSED WITH PREJUDICE. However, Plaintiff's unopposed motion to seal the settlement agreement (Dkt. 11) is hereby DENIED. The Clerk of Court is therefore DIRECTED to UNSEAL the settlement agreement (Dkt. 12) 30 days after the entry of this Order. The Clerk of Court is further DIRECTED to TERMINATE this case.

IT IS SO ORDERED.

SIGNED this 29th day of June, 2018.

_____
Diana Saldaña
United States District Judge